UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICKIE FOY | No. 20 CR 268<br><br>Judge Thomas M. Durkin |

**JOINT MOTION TO PROCEED BY VIDEOCONFERENCE**

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, and defendant RICKIE FOY, through defendant's counsel, RICHARD KLING, respectfully file this joint motion requesting an order authorizing the parties to proceed by videoconference to conduct a bench trial as to FOY. The parties seek such relief because an in-person bench trial would seriously jeopardize public health and safety and because further delay would cause serious harm to the interests of justice in this particular case.

**Background**

***The COVID-19 Pandemic***

On March 29, 2020, the Judicial Conference of the United States found that the national emergency declared by the President related to the COVID-19 pandemic had affected and would continue to materially affect the functioning of the federal courts. In light of this public health emergency, and pursuant to Sections 15002(b)(1) and (b)(2)(A) of the CARES Act, Pub. L. 116-136, 134 Stat. 281, on October 29, 2020, Chief Judge Rebecca R. Pallmeyer entered the Seventh Amended General Order 20-0012 for the U.S. District Court for the Northern District of Illinois, which permits and encourages bench trials. *Id.* at ¶ 2. On November 13, 2020, Chief Judge Pallmeyer

entered the Eighth Amended General Order, which suspended all criminal jury trials, and stated that criminal case procedures are governed by General Order 20-0012 and its amendments. *Id.* at ¶¶ 2, 4.

***Proceedings in this Case***

On June 4, 2020, defendant was charged by complaint with conspiracy to commit bank theft, in violation of 18 U.S.C. §§ 371 and 2113(b). Dkt. No. 1. On June 17, 2020, defendant was indicted on the same charge. Dkt. No. 29.

Defendant has been detained since June 4, 2020. If convicted, defendant faces a maximum term of imprisonment of 5 years under 18 U.S.C. § 371.

At a status on December 1, 2020, defendant advised the Court that he wished to waive his right to a jury trial and resolve this case by bench trial, and the government advised the Court that it consented to a bench trial. Dkt. No. 65. The Court set the case for a bench trial on January 20, 2021. *Id.* Both parties expressed a willingness to proceed remotely via videoconference.

On December 16, 2020, after a colloquy with the Court, defendant orally waived his right to a jury trial. Dkt. No. 69. Both parties agreed to a remote bench trial, with the witnesses, parties, and Court appearing via videoconference. *Id.*

**Request for Relief**

The parties request that this Court enter an order permitting them to proceed via videoconference to resolve this case by bench trial.

Defendant has consulted with counsel regarding his decision to proceed to a bench trial conducted by videoconference. Defendant has knowingly and voluntarily agreed to proceed in such a manner. Defendant acknowledges having Confrontation

Clause rights under the U.S. Constitution, and waives any such rights necessary to proceed to trial by two-way videoconference. By proceeding via videoconference, defendant would be able to resolve this criminal case more expeditiously. Specifically, if the Court finds defendant not guilty, the case will be over and defendant will be released from custody. In the event that the Court finds defendant guilty, the parties will request to proceed to sentencing expeditiously, particularly considering that defendant has been detained since June 2020, the statutory maximum term of imprisonment for conspiracy is 5 years, and the Court may conclude that a sentence of less than 5 years is sufficient but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a). Delaying the trial in this particular case as to defendant would cause serious harm to the interest of justice by unnecessarily extending this criminal proceeding.

For these reasons, proceeding to a bench trial conducted by videoconference would avoid serious harm to the interests of justice as well as protect the health and safety of defendant, defense counsel, witnesses, prosecutors, court staff, and the public by reducing the number of in-person interactions to the greatest extent possible.

**Conclusion**

The parties respectfully request that the Court grant this motion and enter an order permitting them to proceed by videoconference to resolve this case by bench trial. The parties will also submit to the Court a proposed written waiver of defendant's rights.

Dated: January 12, 2021

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Matthew Madden*
RAMON VILLALPANDO
MATTHEW MADDEN
Assistant United States Attorneys
United States Attorney's Office
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 886-2050

By: */s/ Richard Kling*
RICHARD KLING
Chicago-Kent Law Offices
565 West Adams Street
6th Floor
Chicago, Illinois 60661
(312) 236-8708

*Counsel for Rickie Foy*